UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 3:09CR114(EBB) |
| | : | |
| LIONEL DELEON | : | |

RULING ON MOTION FOR GRAND JURY TRANSCRIPTS

Pending before the Court is the motion of the defendant, Lionel DeLeon ("DeLeon"), for copies of grand jury transcripts in his criminal case. DeLeon asserts, in conclusory fashion, that the transcripts are needed to ensure that the government "explain[ed] to the grand jury why and how the federal government had jurisdiction over [him], and why the offense couldn't be a state offence." He needs this, he says, to make sure that the federal government had jurisdiction to prosecute him in the underlying criminal case. For the following reasons, DeLeon's motion [doc. #70] is DENIED.

Grand jury proceedings carry a presumption of regularity. United States v. Torres, 901 F.2d 205, 232-33 (2d Cir. 1990). Except in certain, limited circumstances, disclosure of grand jury transcripts is prohibited. Fed. R. Crim. P. 6(e). To overcome the veil of secrecy afforded to grand jury proceedings, a defendant requesting production of transcripts has the burden of showing that a particularized need exists for the material and that the need outweighs the concerns underlying grand jury secrecy. Douglas Oil Co. v. Petrol Stops N.W., 441 U.S. 221, 222 (1979). To obtain disclosure of the transcripts, the defendant must make "specific, factual allegations of government misconduct." Torres, 901 F.2d at 233. Unless the defendant "presents a particularized need,

claims a gross and prejudicial irregularity influencing the grand jury, or presents some similar compelling necessity, inspection of the grand jury testimony is to be denied." United States v. Abrams, 539 F. Supp. 378, 388-89 (S.D.N.Y. 1982).

DeLeon has not shown a sufficient, particularized need, nor has he made specific factual allegations suggesting any government misconduct or irregularity to warrant the disclosure he seeks. His asserted need for the transcripts is based only on rank speculation regarding federal jurisdiction in this case. As such, DeLeon has not met the burden necessary to justify disclosure and his motion must be denied. United States v. Wilson, 565 F. Supp. 1416, 1436 (S.D.N.Y. 1983).

## CONCLUSION

For the foregoing reasons, DeLeon's motion for grand jury transcripts [doc. # 70] is DENIED.

SO ORDERED.

/s/ _____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2014, at New Haven, Connecticut.